UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

        - v. -

TAJH WASHINGTON,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE/
MONEY JUDGMENT

S1 22 Cr. 45 (PGG)

        WHEREAS, on or about November 8, 2022, TAJH WASHINGTON (the "Defendant"), was charged in a five-count Sealed Superseding Information, S1 22 Cr. 45 (PGG) (the "Information"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Section 1951 (Count One); Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Two); firearms use, carrying, and brandishing, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(ii) and 2 (Count Three); conspiracy to distribute a controlled substance, in violation of Title 21, United States Code, Section 846 (Count Four); and conspiracy to distribute a controlled substance analogue, in violation of Title 21, United States Code, Section 846 (Count Five);

        WHEREAS, the Information included a forfeiture allegation as to Counts One and Two of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information;

WHEREAS, the Information included a second forfeiture allegation with respect to Counts Four and Five of the Information, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property, constituting or derived from any proceeds obtained, directly or indirectly as a result of the offenses charged in Counts Four and Five of the Information, and any and all property used or intended to be used in any manner of part to commit, or to facilitate the commission of the offenses charged in Counts Four and Five of the Information, including but not limited to a sum of money in United States currency, representing the amount of proceeds traceable to the commission of the offenses charged in Counts Four and Five of the Information;

WHEREAS, on or about November 16, 2022, the Defendant pled guilty to Counts One through Five of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Counts One, Two, Four and Five of the Information and agreed to forfeit to the United States (i) pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One and Two of the Information; and (ii) pursuant to Title 21, United States Code, Section 853, a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts Four and Five of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $15,450 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four and Five of the Information that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One, Two, Four and Five of the Information that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney Mitzi Steiner, of counsel, and the Defendant and his counsel, Peter E. Quijano and Kestine Thiele, Esq., that:

1. As a result of the offenses charged in Counts One, Two, Four and Five of the Information, to which the Defendant pled guilty, a money judgment in the amount of $15,450 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offenses charged in Counts One, Two, Four and Five of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant TAJH WASHINGTON, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        4/5/24
    MITZI STEINER                            DATE
    Assistant United States Attorney
    26 Federal Plaza, 37th Floor
    New York, NY 10278
    (212) 637-2284

TAJH WASHINGTON

By: _Washington Tajh_____        4/5/24
    TAJH WASHINGTON                         DATE

By: _____        4/5/2024
    PETER E. QUIJANO, ESQ.                  DATE
    KESTINE THIELE, ESQ.
    Attorneys for Defendant
    Quijano Ennis & Sideris
    52 Duane Street, Floor 7
    New York, NY 10007

SO ORDERED:

_____            April 5, 2024
HONORABLE PAUL G. GARDEPHE                 DATE
UNITED STATES DISTRICT JUDGE